# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2017.

————————————

No. 3D17-1701
Lower Tribunal No. 12-15391

————————————

## G.H., the Mother,
Appellant,

vs.

## Department of Children and Families, et al.,
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.

Karla Perkins, for appellee Department of Children and Families; Laura J. Lee, Anthony C. Musto and Thomasina F. Moore (Sanford), for appellee Guardian ad Litem Program.

Before LAGOA, EMAS and SCALES, JJ.

ON CONFESSION OF ERROR

PER CURIAM.

G.H. is the mother of the minor child, D.E.B., who was born on January 4, 2016. The Department of Children and Families removed D.E.B. from G.H.'s custody and, on May 10, 2017, the Department filed a petition for termination of G.H.'s parental rights as to D.E.B. under section 39.806(1)(b) of the Florida Statutes, based on her purported abandonment of D.E.B. The trial court conducted an advisory hearing on the petition on May 31, 2017, which G.H. did not attend. Based on G.H.'s failure to attend the advisory hearing, the trial entered a consent to the termination of G.H.'s parental rights on behalf of G.H. as to D.E.B. See § 39.801(3)(d) of the Florida Statutes (2016) ("If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice."). The trial court entered a Final Judgment of Termination of Parental Rights and Disposition as to the Mother on June 14, 2017. G.H. appealed.

Based on the Department's commendable confession of error, we agree that the final judgment must be reversed because the Department failed to personally serve G.H. with: (i) a copy of the Department's petition to terminate her parental rights; and (ii) a summons containing the required notice of the date, time and place of the advisory hearing on the petition, and specifying that G.H.'s failure to personally appear at the advisory hearing would constitute G.H.'s consent to the termination of her parental rights of D.E.B. See § 39.801(3), Fla. Stat. (2016);

2

M.J.W. v. Dep't of Children & Families, 825 So. 2d 1038, 1040 (Fla. 1st DCA 2002) ("Under section 39.801(3)(a), notice of the advisory hearing and a copy of the petition to terminate parental rights must be personally served upon the parents.").

Accordingly, we reverse the final judgment terminating G.H.'s parental rights as to D.E.B. and remand so that the Department may personally serve G.H. with both a copy of the petition and a summons in compliance with section 39.801(3).

Reversed and remanded for proceedings consistent with this opinion.